# EXHIBIT A

📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV355834**

OCT 20, 2021 09:46 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Merritt, Derrica | Case No.: 2021CV355834 |
| **Plaintiff,** | |
| vs. | |
| Rollins, Inc., DBA Orkin, Pest, and Termite Control | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Jeremy Stephens**
> **Morgan and Morgan, PA**
> **191 Peachtree Street NE, Suite 4300**
> **Atlanta, Georgia 30303**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ 20th day of _____ October, 20 21

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 ____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV355834**

OCT 20, 2021 09:46 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DERRICA MERRITT, | ) |
| | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| ROLLINS, INC d/b/a ORKIN PEST & | ) |
| TERMITE CONTROL. | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT FOR DAMAGES

COMES NOW Derrica Merritt ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint for Damages against Rollins, Inc. d/b/a Orkin Pest & Termite Control ("Defendant") for damages and declaratory relief, and states as follows:

1.

This is an action for breach of contract and violation of the Fair Labor Standards Act ("FLSA"), declaratory relief, and attorneys' fees.

2.

Plaintiff is a resident of Newton, in the State of Georgia. She was employed by Defendant as an Inbound Telesales Agent from on or around June 2, 2014, until December 19, 2020.

3.

Defendant is a for-profit corporation licensed to do business in the State of Georgia, operating an office at 2170 Piedmont Rd., NE Atlanta, GA 30324.

4.

Venue is proper before this Court pursuant to O.C.G.A. § 9-1-93, Defendant having transacted the business which is the subject of the above-styled matter within Fulton County.

5.

Plaintiff entered into a binding employment contract with Defendant at the beginning of her employment on June 2, 2014, when Defendant agreed to pay Plaintiff an hourly rate, commission as well as overtime in exchange for her performing her job duties.

6.

It was at this time that Plaintiff also agreed to perform work services in consideration for the promise that she would receive the benefits of a full time employee which include but is not limited to short term and long term disability, maternity leave, health insurance, stock in Defendant and commission, as stated in Defendant's employee handbook. *See* Rollins 2022 Enrollment Guide (cld.bz)

7.

In or around August 2019, Plaintiff applied and was approved for short-term disability benefits due to her pregnancy. On September 11, 2019, Amelia Kelly, wrote a letter acknowledging the system error within the Company which resulted in Plaintiff not being paid short term disability benefits. **"See Exhibit 1"** By December 2019, Plaintiff had not received any short term disability benefits.

8.

In January 2020, Plaintiff had begun receiving maternity pay but the Defendant was paying Plaintiff much less than she was entitled. During this time, Plaintiff was being paid her regular rate of $16.00/hr. when she should have been paid her sick rate of $29.07 an hour. This error was acknowledged by Amelia Kelly on January 24, 2020, by email. **"See Exhibit 2"** Plaintiff was never paid for this time.

9.

In April 2020, Defendant furloughed employees due to the COVID-19 pandemic. In correlation with the furlough, Defendant agreed to maintain the benefits of its furloughed employees until they were allowed to return to work.

10.

By May 2020, all of Plaintiff's benefits had been cancelled. As a result, she had to pay all of her medical bills out of pocket which included doctors' visits for her newborn and OBGYN.

11.

In June 2020, Plaintiff returned to the Company and resumed working. She continued to have issues with not being paid the correct regular pay, overtime, or commission pay. She again sent several emails voicing her concerns about this, but nothing was done. **"See Exhibit 3."** Plaintiff's last known contact to the Defendant voicing her concerns regarding pay was early December 2020.

12.

On December 19, 2020, Ms. Merritt was terminated by the Company, less than two (2) weeks from her last complaint of not being appropriately paid. Ms. Merritt did not receive a separation notice or a reason for the termination.

13.

Defendant has breached its Agreement with Plaintiff by failing to pay her the correct benefits including short term and long term disability, maternity leave, health insurance, and stock in Defendant. In addition, Defendant failed to pay Plaintiff for commission as well as overtime worked.

14.

As a result of Defendant's breach, Plaintiff has suffered monetary losses for Defendant's failure to compensate her for time owed.

## COUNT I – BREACH OF CONTRACT
### (short term and long term disability, maternity leave, health insurance, stocks and commission.

15.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Fourteen (14) as if set forth fully herein.

16.

The Agreement represents a binding contract between Plaintiff and Defendant.

17.

Per the binding employment contract, Defendant had an unquestionable obligation to pay Plaintiff all accrued benefits as well as commission which she had accumulated at the time of her separation. Defendant has refused to pay these monies to Plaintiff.

18.

As a direct and proximate result of Defendant breaches of the Agreement, Plaintiff has suffered material damages in an amount to be proven at trial.

## COUNT II - VIOLATION OF FLSA
### (Unpaid Overtime)

19.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Fourteen (14) as if set forth fully herein.

20.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked more than forty (40) hours in given workweeks.

21.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

22.

Although Plaintiff was paid commission, she was still entitled to overtime since the Plaintiff's regular rate of pay **did not** exceed one and one-half times the federal minimum wage; and Plaintiff **did not** earn more than half her salary in commissions from goods and services during a representative period of not less than one month. 29 U.S.C. § 207(i).

3

23.

Defendant knowingly and willfully permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

24.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement due to their repeated failure to compensate Plaintiff at the required overtime rate.

25.

Defendants' violations of the FLSA were willful and in bad faith.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT III- VIOLATION OF FLSA

### (FLSA Retaliation)

27.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Fourteen (14) as if set forth fully herein.

28.

Plaintiff complained about not being compensated for her overtime, and instead of Defendants appropriately compensating Plaintiff, Defendants retaliated by subsequently terminating Plaintiff.

29.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

30.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

31.

Defendants are considered a "person" under the FLSA and are prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

32.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

33.

Defendant knew that its conduct violated the FLSA, and Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

34.

Defendant's violations of the FLSA were willful and in bad faith.

35.

Plaintiff engaged in statutorily protected activity under the FLSA by, inter alia, by opposing an employment practice he believed was unlawful under the FLSA.

36.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, to wit: Defendant terminated her employment.

37.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

38.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to retaliate against her.

39.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which she is entitled to recover from Defendant.

40.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT IV - ATTORNEYS' FEE

41.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Fourteen (14) as if set forth fully herein.

42.

Plaintiff is entitled to recover all expenses of litigation, including all costs and fees associated with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grants the following:

A. That a trial by jury be held on all issues;

B. That process be issued as required by law;

C. That Plaintiff be granted judgment in its favor on Count I against Defendant in an amount to be proven at trial;

D. That Plaintiff be granted judgment in its favor on Count II against Defendant in an amount to be proven at trial;

E. That Plaintiff be granted judgment in its favor on Count III against Defendant in an amount to be proven at trial;

F. That the Court award Plaintiff all costs and reasonable attorney's fees and expenses; and

G. That Plaintiff has any and all such relief as this Court may deem just and equitable.

Respectfully submitted this 19th day of October, 2021.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Georgia Bar No. 702063
191 Peachtree Street NE, Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1682
Email: jstephens@forthepeople.com
*Counsel for Plaintiff*

# Exhibit 1



September 11, 2019

To Whom It May Concern:

Derricca Merritt is a current full time Telesales Agent of Orkin Contact Center. She has been employed with us since 2014 and is currently in good standing. There was a system error that was no fault of Orkin or Derrica's which prevented her from filing a short term disability claim to be paid while she was out of work. I have escalated this issue to our Managing Director of Benefits and he confirmed yesterday that he is working with the third party vendors to find resolution. Once this issue is resolved, Derrica may be able to receive the funds that she previously applied for. If you have any questions, do not hesitate to contact me at 678-342-5226 or akelly@rollins.com.

Sincerely,

Amelia Kelly

# Exhibit 2

**A** Kelly, Amelia  Jan 24, 2020
to Sabrina, me

Hi Sabrina, Derrica was paid at her regular hourly rate and she should have been paid at her sick rate. She is on Maternity leave. See her check below. She should have been paid at 29.07 which is her PTO rate. Are you able to pay her the adjusted amount due by paper check and have it sent to her home?



# Exhibit 3

Cc: Stephens, Kanetha <KSTEPHENS@Rollins.com>
Subject: RE: Derrica Merritt's Pay

Amelia,

It appears that she wasn't paid the average hourly rate on her payroll check.

I am researching her setup and why the system didn't calculate the rate.

The difference due will be processed on Monday on the off cycle payroll for Wednesday deposit.

Best regards,

Sabrina Palmer - Payroll Specialist III -

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of ___Fulton___ County

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA
**2021CV355834**
OCT 20, 2021 09:46 AM

*Cathelene [signature]*
Cathelene Robinson, Clerk
Fulton County Superior Court

**For Clerk Use Only**

Date Filed __10-20-2021__
MM-DD-YYYY

Case Number __2021CV355834__

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Merritt, | Derrica | | | | Rollins, | Inc. | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Stephens, Jeremy__   **Bar Number** __702063__   **Self-Represented** ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☑ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number          Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20